# In the United States Court of Federal Claims

No. 18-1931C
(Filed: April 24, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
```
MIA C. ALFORD,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*.

```
* * * * * * * * * * * * * * * * * * * * * * * * *
```

ORDER

    Plaintiff filed her complaint on December 11, 2018, asking the court to grant her "back pay of Retirement Disability from 1996 until the present" that she believes she is owed due to being wrongfully terminated from the Drug Enforcement Agency. Compl. 3. Although the complaint is brief, the general allegation is that Ms. Alford was fired while on sick leave after being injured at work. She alleges that her claim for disability benefits was denied due to timeliness. She appealed that decision to the Merit Systems Protection Board ("MSPB"), which denied her claim as untimely, and eventually she appealed to the Federal Circuit. The Federal Circuit transferred her case to the Eastern District of North Carolina because her case involves claims for discrimination. The district court then reversed the MSPB decision and remanded to the MSPB. MSPB again denied plaintiff's claim, this time on the basis of laches rather than timeliness, and plaintiff appealed back to the Eastern District of North Carolina.

    In the present case, defendant filed a motion to dismiss for lack of jurisdiction on February 4, 2019, arguing that 28 U.S.C. § 1500 bars jurisdiction in this case because plaintiff's appeal at the district court was pending at the time that this case was filed. Plaintiff has not responded. We need not wait further for a response, however, because it is clear that defendant's motion must be granted and the case dismissed. Section 1500 states that this court "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit

or process against the United States . . . ." 28 U.S.C. § 1500 (2012). Plaintiff filed her complaint appealing the second MSPB denial on February 6, 2017; she filed her complaint in this court on December 11, 2018. A review of the district court docket reveals that her case in district court was still pending at the time her complaint here was filed. The result, per section 1500, is that this court is prohibited from hearing plaintiff's claim.[1] Accordingly, the following is ordered:

1. Defendant's motion to dismiss is granted.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

3. No costs.

ERIC G. BRUGGINK
Senior Judge

---

[1] We note also that, in any event, we would be without jurisdiction because claims brought by federal employees regarding adverse personnel decisions are within the exclusive purview of MSPB. 5 U.S.C. § 7701 (2012); *United States v. Fausto*, 484 U.S. 439, 444-45 (1988).